## Duvall, et al. v. Merideth.

(Decided February 7, 1911.)

### Appeal from Edmonson Circuit Court.

Local Option—Contract for Sale of Whiskey in Local Option Territory—Such Contracts Void.—It appearing from the writing sued on that the contract involved the sale of whiskey in local option territory, it is well settled that such contracts are void.

LOGAN & GRIDER, JOHN A. LOGAN and N. T. HOWARD for appellants.

M. M. LOGAN and ORA HAZELIP for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was brought by appellants alleging that appellee agreed to pay them $500, with interest from October 1, 1907, until paid. They alleged that the note was held by the Grayson County National Bank and said that they would file a copy thereof in due time. Appellee answered and filed a copy of the note, which is as follows:
"500.00.

"Thirty-two months after date I promise to pay to Duvall & Music the sum of five hundred dollars without any interest and it is understood and agreed that if the contract here attached is not faithfully carried out by Duvall & Music this note is void and is not payable at all, though if the contract is carried out fully C. G. Merideth is to pay or cause to be paid to Duvall & Music $500.00 in whiskey at 90 cents per gallon put in bond. This 23d day of July, 1907.

"C. G. MERIDETH."

Appellee answered and alleged that he had bought a body of land from Noah Duvall at Bee Springs for $3,-000.00, and had paid $2,500.00 in cash and executed a note for the balance, a copy of which appears above; that he erected a distillery and made a contract with Noah Duvall and appellants wherein he agreed to run the distillery nine months the first year, and ten months each during the other two years, and Noah Duvall and appellants were to pay all taxes, keep the books and do everything else in connection with the distillery except make the whiskey, and were to take the whiskey produced during the three years at 90 cents per gallon. He alleged that they failed and refused to take the whiskey except for four months; that he could have made so many gallons during the three years which, at 90 cents per gallon, would have amounted to over $7,000.00; which would have paid the note sued on and left them owing him over $6,000.00 under the contract, which he pleaded as a counterclaim against the parties to the action and Noah Duvall and S. M. Davis, who had signed the following bond:

"Whereas Noah Duvall has made a contract with C. G. Merideth to lease from him a distillery to be put in

by C. G. Merideth at Bee Springs, Ky., on the flouring mill property for a term of three years running nine months the first year, ten months the second year and ten months the third year and has bound himself and those associated with him to take the entire out-put of said distillery for said period at the price of 90 cents per gallon. Now therefore, we, Noah Duvall, as principal and M. Music and M. M. Duvall and S. M. Davis, his sureties hereby covenant to and with the said C. G. Merideth that the said Noah Duvall together with those associated with him will faithfully carry out said contract in every particular and will receive and pay for the out-put of said distillery the price specified in said contract, to-wit, 90 cents per gallon for the entire period of three years and in the event he or those associated with him should fail to carry out said contract or to receive and pay for the out-put of said distillery we hereby bind ourselves, our heirs and representatives to carry out said contract ourselves or to pay to the said Merideth such damages as he may sustain by reason of any failure to do so and in the event he should be compelled to institute suit for the purpose of recovering damages or to compel a compliance with this contract we agree to pay all reasonable attorney fees.

"Witness our hands this 23d day of July, 1907.

"NOAH DUVALL,
"M. MUSIC,
"M. M. DUVALL,
"S. M. DAVIS."

Appellants replied and undertook to deny and explain the contract and bond, and pleaded that the local option law prevailed in Edmonson county which included Bee Springs, and for that reason the contract was void. Appellee then filed a pleading in which he attempted to correct previous pleading, admitting the allegation that the whiskey under the contract was to be sold to Noah Duvall and others, was a mistake, and said that he did not sell them any whiskey at any price, that he was to manufacture the whiskey and they were to pay him 90 cents per gallon for his labor. Appellants then filed a demurrer to the answer and counterclaim which was sustained and then carried back to the petition and sustained as to it, and both parties have appealed.

We infer that the demurrers to the petition, answer and counterclaim were sustained upon the idea that the contract was illegal. It is plain from all the writings,

executed by the parties that it was a sale of the whiskey produced at the distillery, to Noah Duvall and those connected with him, which was in violation of the local option law in force in that county. Therefore, we do not feel authorized to reverse the finding of the lower court. We deem it so well settled that such contracts are void, we will not cite any authorities.

For these reasons, the judgment of the lower court is affirmed on both the original and cross appeals.